# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| JERMAINE M. JOHNSON | CIVIL ACTION NO. 05-1564 |
| VS. | SECTION P |
| JOHN D. CRIGLER, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Jermaine M. Johnson on August 23, 2005. Plaintiff is an inmate in the custody of the Madison Parish Sheriff; he is incarcerated at the Madison Parish Detention Center, Tallulah, Louisiana because of his failure to appear in non-support court and his failure to pay court-ordered child support.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Sometime in 1995 plaintiff was alleged to be the father of Evetta A. Stewart's minor child. Plaintiff voluntarily submitted to DNA paternity testing; however, neither the mother nor her child appeared at the place and time designated for testing.

In July, 1995 plaintiff enlisted in the United States Marine Corps. During the time that he was in the Marines, plaintiff set up a dependency allotment on behalf of Ms. Stewart's child. However, he requested cancellation of the allotment after about one year because neither mother nor child had submitted to DNA paternity testing.

Sometime prior to plaintiff's discharge from the Marine Corps, Ms. Stewart was taken

1

into custody and charged with welfare fraud. Nevertheless, the authorities who had her in custody failed to complete the DNA paternity testing.

Plaintiff was honorably discharged in 1999. When he returned to Louisiana he discovered that a judgment ordering him to pay child support had been rendered sometime in 1998. Plaintiff claimed that District Attorney James Caldwell and Support Enforcement Officers Michelle Wilson and Shirley Hopkins neglected to notify him of the court date. Plaintiff claims that he was unaware of the pendency of the support action.

Nevertheless, following his return to Louisiana, he went to court on several occasions and was told by Judge Crigler that he would have to litigate his claims for nullity of the child support judgment in civil court. Plaintiff relayed this information to Support Enforcement Worker Hopkins who advised plaintiff to get an attorney.

In 2002 plaintiff's federal income tax refund was garnished to satisfy his child support arrears. On December 6, 2003, an arrest warrant issued due to plaintiff's failure to appear for a child support hearing. He claims that he was never served papers directing his appearance on December 6, 2003; nevertheless, on March 15, 2005 he was arrested on this warrant and has apparently remained in custody since that date.

Plaintiff filed his complaint on August 23, 2005. In the caption of his complaint he alleged non-specific violations of his civil rights, mental cruelty, neglect, false imprisonment, and public humiliation. [See Doc. 1-1, p. 1] He named Louisiana Sixth Judicial District Court Judges John D. Crigler and Michael Lancaster, District Attorney James D. Caldwell, and Child Support Officers Michele Wilson and Shirley Hopkins as defendants. [Doc. 1-1, p. 3] His somewhat cryptic prayer for relief requested the following, "Provide my blood specimen I.D. number, date taken, and copies of each form I signed and initialed while test was being

administered. Also date child support judgment was made and a copy of my DD 214 Veterans Affairs. Date of warrant issued for Evetta Stewart and arrest date." [Doc. 1-1, page 6]

**LAW AND ANALYSIS**

1. Frivolity Review

When a prisoner files suit pursuant to 42 U.S.C. §1983 and is afforded *in forma pauperis* status, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

3

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, liberally construed, details his theories of liability with respect to each named defendant. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for which relief may be granted and that his claims are frivolous.

## 2. Judicial and Prosecutorial Immunity

Plaintiff's claims against Judge Crigler and Judge Lancaster apparently arise out of the performance of their judicial duties. Judges have absolute immunity against civil liability for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). Plaintiff apparently faults the judges for rendering judgment against him in the non-support action and/or for issuing a bench warrant or attachment as a result of his failure to appear in court on December 6, 2003. Thus, according to *Eitel*, the Judges' actions were within their respective jurisdictions and both enjoy absolute immunity from plaintiff's claims. Consequently, even

liberally construing plaintiff's claims against Judges Crigler and Lancaster, they are without an arguable basis in law and should be dismissed with prejudice as frivolous. See *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (affirming dismissal of action that had found judge immune and the action thus frivolous).

Any claim for monetary damages against District Attorney Caldwell is also barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff's claim against the District Attorney is based on his role as a prosecutor in plaintiff's pending non-support/paternity action. Because the conduct described in the complaint was taken in this defendant's role as the State's advocate, he is entitled to absolute prosecutorial immunity. See *Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial). Thus, plaintiff's claims against District Attorney Caldwell are frivolous.

### 3. *Heck v. Humphrey* Considerations

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

5

writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

Plaintiff has provided nothing to indicate that the child support charges he maintains are false are not still pending or that they have not proceeded to an adjudication. If the court were to grant him damages for the alleged false imprisonment under the facts of this case, such ruling would necessarily implicate the validity of the state court's paternity and support determinations.

Accordingly, under *Heck*, plaintiff must demonstrate that his non-support conviction has been reversed, invalidated, or expunged prior to bringing the instant action. See *Hamilton*, 74 F.3d at 103. Plaintiff has failed to make such a showing. Consequently, the claims of plaintiff for monetary damages for false imprisonment are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d at 103. A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Id.* at 102.

Further, to the extent that plaintiff seeks release from his present incarceration, he is advised that such relief is not available by way of a civil rights action. See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that a § 1983 action is appropriate for recovering damages

resulting from illegal administrative procedures, but habeas is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). "A *habeas* petition ... is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d at 820. "[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under §1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

To the extent that plaintiff complains that he has been unlawfully imprisoned pursuant to the false criminal charges, he is raising claims which challenge the validity of his criminal proceedings. See *Calderon v. Ashmus*, 523 U.S. 740, 747, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the *habeas* sections of Title 28 of the United States Code."); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*"). Further, petitioner is advised, that before he can seek *habeas* relief in the federal courts, he must first exhaust all available state court remedies.

According to the plaintiff, he was advised by Judge Crigler to take specific action in the courts of Louisiana to question the validity of the paternity and support determinations; his Support Enforcement Officer advised him to consult an attorney. He chose to disregard this apparently sound advice and proceed in Federal Court instead.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

7

**PREJUDICE** as frivolous, malicious; and for failing to state a claim on which relief may be granted; and for seeking relief against defendants who are immune from suit, all as proscribed by the provisions of 28 U.S.C.1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 7th day of February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE